## RICE v. BRANTLEY.

1. The act of 1818, declaring that every joint promissory note shall be construed to be joint and several in its legal effect, and that any one or more of the promissors may be sued, a plea by one against whom process issued alone, that he was a surety merely, that his principal died after the maturity of the note, and that certain persons (naming them) had administered on his estate within less than six months previous to the commencement of the suit, is not sufficient to abate the action.

WRIT of Error to the County Court of Dallas.

The defendant in error declared in *assumpsit*, against the plaintiff, on a promissory note for the payment of four thousand four hundred and seventy dollars, made by plaintiff, and William C. Woods (who was not sued.) The defendant below pleaded in abatement, that William C. Woods made the note declared on

as principal, and himself as his surety; that since the same became due and owing, his principal died, and William G. Hale, Middleton H. Hale and A. R. Rembert were appointed administrators, with the will annexed, &c.; and that six months had not elapsed from the grant of administration when the writ in this cause issued. To this plea there was a demurrer, which was sustained; and the defendant declining to plead over, final judgment was rendered for the plaintiff.

G. W. Gayle, for the plaintiff in error.
Edwards, for the defendant.

COLLIER, C. J.—By the 33d section of the act of 1806, " concerning wills and testaments; the settlement of intestate's estates; and the duty of executors, administrators and guardians," [Aik. Dig. 152,] it is enacted as follows; " And to the end, that the executor or administrator may have an opportunity to ascertain the situation of the estate of the testator or intestate, no suit shall be commenced or sustained against such executor or administrator, in such capacity, until after the expiration of six months from the time of proving the will of the testator, or of granting letters of administration on the estate of the deceased." The act of 1818, " For the better regulation of judicial proceedings," [Aik. Dig. 267,] provides, that every joint promissory note, &c., shall be construed to have the same effect in law as a joint and several note, &c., and it shall be lawful to sue out process and proceed to judgment against any one or more of the makers, &c. thereof. Again; the act of 1828, " For the further relief of securities," [Aik. Dig. 386,] clearly shows, that the legislature supposed that it was allowable to sue in a separate action, a surety who had joined with his principal in making a promissory note. Upon any other hypothesis, that statute would not have authorized a surety when sued alone to give notice to his principal of the pendency of the suit, with a view to the recovery of a judgment for his indemnity.

The first statute cited merely suspends the remedy against an executor or administrator for six months, that the situation of the estate represented may be ascertained. It affords a privilege, personal to the representative, of which he may or may not avail himself; is properly pleadable in abatement, but does not at all affect

24

the rights of the creditor.    It is not pretended that the defendant, though a surety, is not suable separately under the act of 1818, after the limitation as to executors and administrators has elapsed, nor indeed can such an argument be urged with success.

It is perfectly clear, as argued for the plaintiff in error, that the liability of the surety cannot be extended beyond that of his principal; but the argument is inapplicable to the defence set up by the plea.    The suspension of a remedy against the representatives of his principal, does not operate a discharge in their favor, as we have seen.    It cannot appear until they are sued, and actually plead the statute, that they would object to a suit before the expiration of the six months ; and if such a plea were allowed by a surety, it would be, in effect, to permit the surety to avail himself of a defence which was personal to others.

In no view in which the plea can be considered, can it be supported without affecting the rights of the defendant in error.  The statute which authorises an action against any one or more of the joint-makers of a promissory note, is opposed to it ; and the judgment of the County Court is consequently affirmed.